Gary S. Lincenberg - State Bar No. 123058
gsl@birdmarella.com
Thomas V. Reichert - State Bar No. 171299
tvr@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS & LINCENBERG, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants/Cross-Defendants Parker Yelverton, in his capacity as Independent Administrator of the Succession of Kris Melancon; Pinnacle Oil & Gas, LLC, and Lemel Petroleum, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

SCHAFFER FAMILY INVESTORS, LLC, a Delaware limited liability company; and ROBERT SCHAFFER, an individual,

Plaintiffs,

vs.

LEE SONNIER, an individual; KRIS MELANCON, and individual; PINNACLE OIL & GAS, LLC, a Louisiana limited liability company; LEMEL PETROLEUM, LLC, a Louisiana limited liability company; and DOES 1 through 10, inclusive,

Defendants.

---

LEE SONNIER, an individual,

Cross-Complainant,

vs.

PARKER YELVERTON, in his capacity as Independent Administrator of the Succession of Kris Manuel Melancon; PINNACLE OIL & GAS, LLC, a Louisiana limited liability

CASE NO. CV13-5814-SVW-JEM

**ANSWER TO CROSS-COMPLAINT OF LEE SONNIER; DEMAND FOR JURY TRIAL**

Assigned to Hon. Stephen V. Wilson

company; LEMEL PETROLEUM, LLC, a Louisiana limited liability company; and ROES 1 through 10,

Cross-Defendants.

Cross-Defendants Parker Yelverton, in his capacity as Independent Administrator of the Succession of Kris Melancon; Pinnacle Oil & Gas, LLC; and Lemel Petroleum, LLC (collectively referred to as “Cross-Defendants”), for themselves and no other defendants, answer the Cross-Complaint of Lee Sonnier as follows.

## GENERAL ALLEGATIONS

1. Cross-Defendants admit that plaintiffs filed this lawsuit on or about August 8, 2013 and that it names as defendants those parties identified as such. To the extent paragraph 1 of the Cross-Complaint avers legal conclusions, no response is required.

2. Cross-Defendants admit that Sonnier has filed a motion to dismiss. To the extent paragraph 2 of the Cross-Complaint avers legal conclusions, no response is required. To the extent that it avers factual allegations, except as so admitted above, they are denied.

3. Answering paragraph 3 of the Cross-Complaint, Cross-Defendants admit that Kris Melancon died on November 15, 2013.

4. Answering paragraph 4 of the Cross-Complaint, Cross-Defendants admit that Parker Yelverton has been appointed as the Independent Administrator of the Succession of Kris Melancon.

5. Cross-Defendants admit that Parker Yelverton has been authorized to exercise authority over Pinnacle and Lemel with regard to this action. To the extent paragraph 5 of the Cross-Complaint avers legal conclusions, no response is required.

## JURISDICTION AND VENUE

6. To the extent paragraph 6 of the Cross-Complaint avers legal conclusions, no response is required. To the extent that it avers factual allegations, they are denied.

7. To the extent paragraph 7 of the Cross-Complaint avers legal conclusions, no response is required. To the extent that it avers factual allegations, Cross-Defendants admit that the Amended Complaint was filed in this Court.

**FIRST CAUSE OF ACTION**

**(Equitable Indemnity)**

8. Answering paragraph 8 of the Cross-Complaint, Cross-Defendants refer to their responses to paragraphs 1 through 7 of the Cross-Complaint, inclusive, and incorporate them by reference as though set forth in full.

9. To the extent paragraph 9 of the Cross-Complaint avers legal conclusions, no response is required. To the extent that it avers factual allegations, they are denied.

10. To the extent paragraph 10 of the Cross-Complaint avers legal conclusions, no response is required. To the extent that it avers factual allegations, they are denied.

**SECOND CAUSE OF ACTION**

**(Partial Equitable Indemnity)**

11. Answering paragraph 11 of the Cross-Complaint, Cross-Defendants refer to their responses to paragraphs 1 through 7 of the Cross-Complaint, inclusive, and incorporate them by reference as though set forth in full.

12. To the extent paragraph 12 of the Cross-Complaint avers legal conclusions, no response is required. To the extent that it avers factual allegations, they are denied.

**THIRD CAUSE OF ACTION**

**(Declaratory Judgment)**

13. Answering paragraph 13 of the Cross-Complaint, Cross-Defendants refer to their responses to paragraphs 1 through 7 of the Cross-Complaint, inclusive, and incorporate them by reference as though set forth in full.

14. To the extent paragraph 14 of the Cross-Complaint avers legal conclusions, no response is required. To the extent that it avers factual allegations, they are denied.

15. To the extent paragraph 15 of the Cross-Complaint avers legal conclusions, no response is required. To the extent that it avers factual allegations, they are denied.

16. To the extent paragraph 16 of the Cross-Complaint avers legal conclusions, no response is required. To the extent that it avers factual allegations, they are denied.

## AFFIRMATIVE DEFENSES

Cross-Defendants assert the following affirmative and other defenses with respect to the causes of action alleged in the Cross-Complaint. In doing so, Cross-Defendants do not concede that the assertion of such defenses imposes any burden of production or persuasion on them. Cross-Defendants have not yet conducted discovery nor completed their investigation, and to the extent that investigation and/or discovery warrant, they reserves the right to supplement, amend or withdraw any or all of the following affirmative or other defenses prior to any trial of this action.

### FIRST AFFIRMATIVE DEFENSE

The Cross-Complaint fails to state a claim against Cross-Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Sonnier's claims against Cross-Defendants are barred, in whole or in part, because the Court lacks personal jurisdiction over them.

### THIRD AFFIRMATIVE DEFENSE

Sonnier's claims are barred, in whole or in part, because in committing the alleged acts, Cross-Defendants acted in good faith at all times and/or did not know, and in the exercise of reasonable care could not have known, or had any reasonable

grounds to believe, that any misstatements or omissions of material fact existed in any statements, reports, and/or filings allegedly issued by Cross-Defendants, and therefore, pursuant to Section 23(a) of the Exchange Act, there is no liability for any act or omission so alleged.

**FOURTH AFFIRMATIVE DEFENSE**

Cross-Defendants did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action outlined in the First Amended Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Any injury or damages plaintiffs suffered were caused by the intervening and superseding conduct of Lee Sonnier and others for whom Cross-Defendants are not responsible.

**SIXTH AFFIRMATIVE DEFENSE**

Cross-Defendants had no knowledge, or reasonable grounds to believe, that Sonnier was engaged in fraud.

**SEVENTH AFFIRMATIVE DEFENSE**

Cross-Defendants neither owed nor breached any duty to plaintiffs.

**EIGHTH AFFIRMATIVE DEFENSE**

Cross-Defendants were entitled to, and did, reasonably and in good faith, rely upon the acts and representations of Sonnier and third parties with respect to the transactions and events that are the subject of the claims asserted against Sonnier in the First Amended Complaint.

**NINTH AFFIRMATIVE DEFENSE**

Sonnier's claims are barred by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

Sonnier's claims are barred, in whole or in part, because Cross-Defendants' alleged misrepresentations or omissions were made, if at all, without the scienter necessary to state the causes of action pleaded in the First Amended Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

Sonnier's claims are barred by the doctrine of estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

Sonnier's claims are barred by the doctrine of waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Sonnier's claims are barred, in whole or in part, by the doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claims asserted by Plaintiffs against Sonnier do not permit assertions of equitable indemnity, and plaintiff has therefore failed to state a cause of action against Cross-Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Cross-Defendants have not knowingly or voluntarily waived any applicable affirmative defenses available under federal or state law and reserves the right to assert, and rely upon, such additional affirmative defenses to the Cross-Complaint as may become available or apparent as discovery commences and progresses in this action.

WHEREFORE, Cross-Defendants pray judgment as follows:

1. That Sonnier take nothing by his Cross-Complaint and that the Cross-Complaint be dismissed in its entirety with prejudice;
2. That Cross-Defendants be awarded their costs and attorneys' fees incurred herein; and
3. That Cross-Defendants be awarded such other and further relief as this Court may deem just and proper.

DATED: January 30, 2014

Gary S. Lincenberg
Thomas V. Reichert
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS & LINCENBERG, P.C.

By: /s/ Thomas V. Reichert
Thomas V. Reichert
Attorneys for Cross-Defendants Parker Yelverton, in his capacity as Independent Administrator of the Succession of Kris Melancon; Pinnacle Oil & Gas, LLC, and Lemel Petroleum, LLC

## JURY TRIAL DEMAND

Cross-Defendants Parker Yelverton, in his capacity as Independent Administrator of the Succession of Kris Melancon; Pinnacle Oil & Gas, LLC; and Lemel Petroleum, LLC hereby request a trial by jury in the above entitled action as to all issues and claims.

DATED: January 30, 2014

Gary S. Lincenberg
Thomas V. Reichert
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS & LINCENBERG, P.C.

By: /s/ Thomas V. Reichert
Thomas V. Reichert
Attorneys for Cross-Defendants Parker Yelverton, in his capacity as Independent Administrator of the Succession of Kris Melancon; Pinnacle Oil & Gas, LLC, and Lemel Petroleum, LLC