1  Jeffrey D. Wexler, State Bar No. 132256
   Raymond O. Aghaian, State Bar No. 218294
2  Jennifer Seigle, State Bar No. 285670
   MCKENNA LONG & ALDRIDGE LLP
3  300 South Grand Avenue, Suite 1400
   Los Angeles, California 90071
4  Telephone No.: 213.688.1000
   Fax No.: 213.452.8029
5  E-Mail:   jwexler@mckennalong.com
             raghaian@mckennalong.com
6            jseigle@mckennalong.com

7  Attorneys for Plaintiffs Schaffer Family Investors LLC
   and Robert Schaffer

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                          WESTERN DIVISION
11

12  SCHAFFER FAMILY INVESTORS, LLC, a Delaware limited liability company; and ROBERT SCHAFFER, an individual,

    Case No. CV 13-5814-SVW (JEMx)

    **[PROPOSED] ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION**

14       Plaintiffs,

15  v.

16  LEE SONNIER, an individual; KRIS MELANCON, an individual; PINNACLE OIL & GAS, LLC, a Louisiana limited liability company; LEMEL PETROLEUM, LLC, a Louisiana limited liability company; and DOES 1 through 10, inclusive,

20       Defendants.

Pursuant to the Stipulation Governing Use and Dissemination of Confidential Information filed by Plaintiffs Schaffer Family Investors, LLC and Robert Schaffer and Defendants Lee Sonnier, Kris Melancon, Pinnacle Oil & Gas, LLC, and Lemel Petroleum, LLC, the Court hereby enters this Protective Order (the "Order") to protect confidential information and material that may be produced or otherwise disclosed by the parties or third parties during the course of discovery in this action.

1. This Order shall govern the disclosure and handling of all documents and other products of discovery obtained by the parties in this case (the "Action"), all information derived therefrom, and all copies, excerpts, or summaries thereof, including, but not limited to, documents produced pursuant to inspection demands, answers to requests for admission, answers to interrogatories, documents subpoenaed in connection with depositions, and deposition transcripts (hereinafter referred to collectively as "Discovery Materials").

2. All Discovery Materials produced in discovery in this case shall be used solely for the purpose of pre-trial proceedings (including, but not limited to, motions and briefing), trial preparation and trial, and any appeals in the Action. Discovery Materials shall not be used for any business or non-Action related purpose whatsoever.

3. A party or third party may designate Discovery Materials as Confidential Discovery Materials (by stamping them "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER") only if they contain confidential material including, but not limited to: (a) current financial information of a party; (b) information pertaining to a third party which the party has an obligation to keep confidential; or (c) trade secrets as defined in Cal. Civ. Code § 3426.1 (which provides that the term "trade secret" "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its

disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy").

4. Designation of Discovery Materials pursuant to this Order shall be made at the time the information is produced or filed, or in the case of a deposition transcript, within 15 days after receipt thereof. Designation shall be made as follows:

(A) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the producing party shall affix the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(B) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, the designating party shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the designating party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a designating party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

Transcripts containing Confidential Discovery Materials shall have an obvious legend on the title page that the transcript contains Confidential Discovery Materials, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential Discovery Materials. The designating party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(C) for information produced in some form other than documentary and for any other tangible items, the producing party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5. If any portion of a written discovery response contains Confidential Discovery Materials, such portion shall be provided in a separate document, appended to the main body of the response, appropriately marked in accordance with paragraph 4 above, and incorporated by reference therein.

6. Inadvertent failure to designate qualified information or items as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not, standing alone, waive the designating party's right to secure protection under this Order for such material, provided that the producing party notifies the receiving party within 21 days of discovery of such inadvertent designation. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. When a producing party gives notice to a receiving party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving party are those set forth in Fed. R. Civ. P. 26(b)(5)(B). Pursuant to Fed. R. Evid. 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

8. For documents that are made available for inspection by the opposing party, the producing party shall physically separate documents designated as Confidential Discovery Materials from those documents not so designated in such a way that the documents in each category may be inspected on-site by the requesting party and that a copying service will be able to determine what documents are to be marked as Confidential Discovery Materials.

9. Confidential Discovery Materials shall not be given, shown, made available, discussed, or otherwise communicated in any way to anyone other than:

(A) the attorneys of record for any party to the Action or outside counsel assisting such attorneys of record or party to the Action, and the employees of such attorneys to whom, in the opinion of the attorneys in charge of the case for such party, it is necessary to the preparation of their case that such Discovery Materials be shown;

(B) any individual who is a named party to the Action and inside counsel, directors, officers and employees of any party who are assisting in the preparation of the Action for litigation and to whom, in the opinion of the attorneys in charge of the case for such party, it is necessary to the preparation of their case that such Discovery Materials be shown;

(C) independent experts or consultants (collectively referred to as "Experts or Consultants") retained by the attorneys of record for any

party to assist in the preparation of the Action for litigation, and the office personnel of any Experts or Consultants who have received such Discovery Materials;

 (D) any employee or agent of a copying service or similar entity to whom the Discovery Materials are provided for the purpose of making copies;

 (E) any person designated on the face of the Discovery Materials as a preparer or prior recipient thereof;

 (F) any person who has been indicated by the party producing such Discovery Materials to have been a prior recipient thereof;

 (G) the Court and its employees;

 (H) court reporters;

 (I) a non-party witness during the course of his or her deposition or trial testimony, but only if such party has knowledge pertinent to such Discovery Materials; and

 (J) such other persons, and on such other terms and conditions, as the parties agree to in writing or as the Court, upon application, may order.

10. Each person referred to in paragraph 9 above shall be informed of the general contents of this Order and such persons (with the exception of those referred to in paragraphs 8(A), 8(D), 8(G), and 8(H) above) shall agree to be bound by the terms of this Order and, prior to viewing or discussion of any Confidential Discovery Materials, shall execute an agreement in the form annexed hereto as Exhibit A.  The attorneys for any party that has disclosed Confidential Discovery Materials to any person identified in this paragraph shall maintain a file of the written agreements executed pursuant to this agreement, and such file shall be made available to the attorneys for any other party on reasonable notice, provided that written agreements executed pursuant to this agreement by Experts or Consultants

6

or their office personnel pursuant to paragraph 8(C) above shall not be made available for review prior to the expert disclosure date set in this case.

11. A party seeking to file or lodge with the Court any transcripts of depositions or portions thereof, exhibits, answers to interrogatories, responses to requests for admission, and other documents which have previously been designated as Confidential Discovery Materials, or any pleading or memorandum or other document purporting to reproduce or paraphrase such information, shall comply with the procedures set forth in Rule 79-5 of the Local Rules of the United States District Court for the Central District of California for obtaining approval to file such materials under seal. If a party's request to file Confidential Discovery Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the party may file the information in the public record unless otherwise instructed by the Court.

12. This Order is without prejudice to the right of any party or third party to consent, subject to any limitations it may impose, to disclosure of its Confidential Discovery Materials to any other person.

13. When Confidential Discovery Materials will likely be presented, quoted, or referred to in any deposition or proceeding other than trial, the party or third-party witness claiming confidentiality shall have the right to make arrangements to ensure that only the persons who in accordance with paragraph 8 herein would be permitted access to said Confidential Discovery Materials are present during said presentation, quotation, or reference. When Confidential Discovery Materials are incorporated in a transcript of a deposition or proceeding other than trial, any party or third-party witness claiming confidentiality shall arrange with the court reporter to bind the confidential portions of such transcript separately and to label such portion of the transcript as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and any copies thereof shall be held in confidence as provided in this Order.

14.     This Order pertains only to material obtained in connection with this Action and does not limit the use or disclosure of material that has been obtained by any party from any other source including, without limitation, material that: (a) is, or becomes, public knowledge due to circumstances that do not include a violation of the terms of this Order; (b) is acquired by the nondesignating party from a third party which lawfully possesses such material and which may lawfully disclose such material; or (c) was lawfully possessed by the nondesignating party prior to commencement of this litigation.  Furthermore, this Order does not limit the use or disclosure of Confidential Discovery Materials that contain confidential information of only the party using or disclosing the Confidential Discovery Materials, regardless of the identity of the party that designated the Discovery Materials as Confidential.

15.     Any objections to a party's or third-party witness' designation during discovery of Discovery Materials as Confidential Discovery Materials shall be addressed as follows:

(A)     The receiving party may at any time object to the designation of Discovery Materials as Confidential Discovery Materials.  Should the parties be unable informally to resolve such objection, then the receiving party shall make a motion on notice to all parties to this Action and any applicable third-party witnesses.

(B)     The producing party or third-party witness shall have the burden of demonstrating that the confidential designation was proper under the terms of this Order.

(C)     Any Discovery Materials that have been designated confidential shall be treated as confidential until such time as the Court orders that such materials should not be treated as confidential.

16.     Upon final termination of this Action, including any appeals, whether by settlement or otherwise, upon written request the party to whom Confidential

8

Discovery Materials were produced shall return them to the producing party or third-party witness or shall destroy them.  In addition, upon written request all copies and/or summaries (including computer databases) containing any Confidential Discovery Materials shall be destroyed.  This paragraph shall not preclude outside counsel from maintaining a file copy of any pleading, deposition transcript, correspondence, or attorney working papers that contains or attaches Confidential Discovery Materials.

17. This Order shall be without prejudice to the right of the parties: (a) to redact portions of Discovery Materials which are highly confidential such that the probative value of such materials is substantially outweighed by the need to keep such materials confidential; (b) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; or (c) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

18. Nothing in this Order shall be construed to affect either the discoverability or admissibility at trial of any document or thing, nor shall any party's or third-party witness' assent to this Order be deemed to waive that party's right to object to the production of documents and things on appropriate grounds, to move to compel the production of documents and things wrongfully withheld from production, to assert appropriate privileges and immunities in response to discovery requests, or to seek additional protection or other modification of this Order by subsequent order of the Court.  No party may refer to this Order or the designation of any document as proof that the designated Discovery Materials are actually confidential.

19. This Order shall apply retroactively to the date the instant Action was filed.  All Discovery Materials produced during the course of the Action prior to the

1 execution of this Order that were designated as Confidential Discovery Materials
2 shall be subject to the terms and conditions of this Order.
3     20. This Order shall remain in force and effect and shall not be modified,
4 superseded, or terminated except by express written consent of the parties, or by
5 order of the Court.
6     21. Upon conclusion of this Action, this Court shall retain such jurisdiction
7 regarding this Order for purposes of enforcing its terms and conditions and to enable
8 any party herein to apply for such other and further orders concerning the subject of
9 this Order as may be necessary or appropriate.
10     22. If anyone violates or threatens to violate any term of this Order, any
11 party or third-party witness may seek damages and injunctive relief, and it shall not
12 be a defense thereto that the party or third party witness seeking such relief
13 possesses an adequate remedy at law.
14     Good cause being found, IT IS SO ORDERED

Dated: April 2, 2014

*/s/John E. McDermott*
The Honorable John E. McDermott
United States Magistrate Judge

10

| | |
|---|---|
| 1 | **EXHIBIT A** |
| 2 | The undersigned hereby acknowledges that he or she: (A) has received a copy |
| 3 | of this Order; (B) has carefully read and understands this Order; (C) agrees to |
| 4 | comply with the provisions of this Order; (D) will hold in confidence and will not |
| 5 | disclose any Confidential Discovery Materials; (E) will use such Confidential |
| 6 | Discovery Materials only for the purposes of this action; (F) upon listed demand |
| 7 | will return all Confidential Discovery Materials and deliver any documents prepared |
| 8 | relating thereto to counsel for the party producing such matters at the conclusion of |
| 9 | this action; and (G) will submit to the jurisdiction of this Court for the purpose of |
| 10 | enforcing this Order. |
| 12 | Dated: _____    Name:_____ |

USW 804319459.2

11